## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, :<br><br>Plaintiff, :<br><br>v. :<br><br>GERALD A. SANDUSKY, :<br><br>Defendant. : | Civil Action No.  4:11-cv-02375-YK<br>(Chief Judge Yvette Kane) |

## ANSWER TO DECLARATORY JUDGMENT ACTION

Defendant Gerald A. Sandusky ("Defendant"), by and through his attorneys, by way of Answer to Plaintiff Federal Insurance Company's Declaratory Judgment Complaint ("Declaratory Judgment Complaint"), states:

## INTRODUCTION

No response is required to the Introduction in Plaintiff's complaint. Nevertheless, Defendant disputes that coverage is unavailable based on Plaintiff's public policy arguments in light of the particular policy at issue and facts and circumstances presented.  Defendant maintains his innocence and under our system of jurisprudence is innocent until proven guilty.

## THE PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Declaratory Judgment Complaint.

ME1 12825571v.2

2.      Defendant admits the allegations in Paragraph 2 of the Declaratory Judgment Complaint.

## VENUE AND JURISDICTION

3.      The allegations of Paragraph 3 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

4.      The allegations of Paragraph 4 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

5.      The allegations of Paragraph 5 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

6.      The allegations of Paragraph 6 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

## FACTUAL ALLEGATIONS

7.      Defendant admits that, in 1977, he founded The Second Mile, Inc.

8.      Defendant admits that, beginning in 1977, he acted in various capacities for The Second Mile, Inc., but does not recall serving as its Executive Director.

9.      Defendant denies that part of Paragraph 9 of the Declaratory Judgment Complaint that alleges the "Centre County District Attorney's Office" began an investigation of Defendant and believes it was the Clinton County District Attorney's Office.   Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Declaratory Judgment Complaint.

10.    Defendant denies the allegations in Paragraph 10 of the Declaratory Judgment Complaint as stated, but admits that he and The Second Mile were aware of an investigation by the Clinton County District Attorney's Office.

11.    Defendant denies the allegations in Paragraph 11 of the Declaratory Judgment Complaint as stated but admits that the Pennsylvania Attorney General's Office became involved in the investigation.

12.    Defendant admits the allegations in Paragraph 12 of the Declaratory Judgment Complaint, except Defendant is without knowledge or information sufficient to form a belief as to when the Grand Jury convened.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Declaratory Judgment Complaint as Defendant is unaware of the specific evidence presented to the Grand Jury.  Defendant further maintains his innocence in connection with the events stated in the Grand Jury Presentment.

14.    Defendant admits his awareness that subpoenas were issued, but Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 14 of the Declaratory Judgment Complaint.

ME1 12825571v.2

15.     Defendant admits the allegations in Paragraph 15 of the Declaratory Judgment Complaint, but denies the substance of the Grand Jury Presentment and maintains his innocence.

16.     Defendant admits that he has been charged with criminal counts by the Commonwealth of Pennsylvania, but denies he is guilty of these criminal counts and maintains his innocence.

17.     Defendant admits that the Grand Jury charged him with additional criminal counts on or about December 7, 2011, but denies he is guilty of these criminal counts and maintains his innocence.

18.     Defendant admits the allegations of Paragraph 18 of the Declaratory Judgment Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Declaratory Judgment Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Declaratory Judgment Complaint.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Declaratory Judgment Complaint.

22.     The complaint in the Court of Common Pleas of Philadelphia, captioned *John Doe A v. The Second Mile, Gerald Sandusky and The Pennsylvania State University* ("John Doe A Complaint"), speaks for itself and no further response to Paragraph 22 of the Declaratory Judgment Complaint is required, except that Defendant denies the allegations of the John Doe A Complaint and maintains his innocence.

23.     The John Doe A Complaint speaks for itself and no further response to Paragraph 23 of the Declaratory Judgment Complaint is required, except that Defendant denies the allegations of the John Doe A Complaint and maintains his innocence.

24.     The John Doe A Complaint speaks for itself and no further response to Paragraph 24 of the Declaratory Judgment Complaint is required, except that Defendant denies the allegations of the John Doe A Complaint and maintains his innocence.

25.     The John Doe A Complaint speaks for itself and no further response to Paragraph 25 of the Declaratory Judgment Complaint is required, except that Defendant denies the allegations of the John Doe A Complaint and maintains his innocence.

26.     The John Doe A Complaint speaks for itself and no further response to Paragraph 26 of the Declaratory Judgment Complaint is required, except that

ME1 12825571v.2

Defendant denies the allegations of the John Doe A Complaint and maintains his innocence.

## THE POLICY

27.     The Policy speaks for itself and no further response to Paragraph 27 of the Declaratory Judgment Complaint is required.

28.     The Policy speaks for itself and no further response to Paragraph 28 of the Declaratory Judgment Complaint is required.

29.     Defendant denies as stated the allegations of Paragraph 29 of the Declaratory Judgment Complaint.  The Policy speaks for itself and no further response is required, except Paragraph 29 quotes only part of the "Reporting and Notice" section of the Policy and the quoted excerpt is inaccurately transcribed.

30.     The Policy speaks for itself and no further response to Paragraph 30 of the Declaratory Judgment Complaint is required.

31.     Defendant denies as stated the allegations of Paragraph 31 of the Declaratory Judgment Complaint.  The Policy speaks for itself and no further response is required, except Paragraph 31 includes incomplete quotations for the definitions of "Loss" and "Claim" as set forth in the Definitions part of the D&O Section of the Policy and the quoted definitions for "Insured Person" and "Employee" are inaccurately transcribed.

ME1 12825571v.2

32.    The Policy speaks for itself and no further response to Paragraph 32 of the Declaratory Judgment Complaint is required.

33.    The Policy speaks for itself and no further response to Paragraph 33 of the Declaratory Judgment Complaint is required.

34.    The Policy speaks for itself and no further response to Paragraph 34 of the Declaratory Judgment Complaint is required.

35.    The Policy speaks for itself and no further response to Paragraph 35 of the Declaratory Judgment Complaint is required.

36.    The Policy speaks for itself and no further response to Paragraph 36 of the Declaratory Judgment Complaint is required.

37.    Defendant denies as stated the allegations of Paragraph 37 of the Declaratory Judgment Complaint.  The Policy speaks for itself and no further response is required, except the quoted "Third Party Liability Coverage" language in the EPL Section of the Policy is inaccurately transcribed.

38.    Defendant denies as stated the allegations of Paragraph 38 of the Declaratory Judgment Complaint.  The Policy speaks for itself and no further response is required, except Paragraph 38 includes an incomplete quotation for the definition of "Loss" as set forth in the Definitions part of the EPL Section of the Policy and the quoted definitions for "Insured Person" and "Third Party Claim" are inaccurately transcribed.

ME1 12825571v.2

39.     The Policy speaks for itself and no further response to Paragraph 39 of the Declaratory Judgment Complaint is required.

40.     The Policy speaks for itself and no further response to Paragraph 40 of the Declaratory Judgment Complaint is required.

## COUNT I
## Declaratory Judgment
## PUBLIC POLICY

41.     Defendant repeats and incorporates by reference its answers to each and every allegation contained in paragraphs 1 through 40 of the Declaratory Judgment Complaint as though fully set forth at length herein.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of what Federal "believes" as set forth in the allegations in Paragraph 42 of the Declaratory Judgment Complaint.  As to the remainder of the allegations of Paragraph 42 of the Declaratory Judgment Complaint, Defendant states that they constitute legal conclusions to which Defendant need not respond.

43.     The allegations of Paragraph 43 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

44.     The allegations of Paragraph 44 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

45.     The allegations of Paragraph 45 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

46.    The allegations of Paragraph 46 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

47.    The allegations of Paragraph 47 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

48.    The allegations of Paragraph 48 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

49.    The allegations of Paragraph 49 of the Declaratory Judgment Complaint (inclusive of footnote 2) constitute legal conclusions to which Defendant need not respond.

50.    The allegations of Paragraph 50 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

51.    The allegations of Paragraph 51 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

52.    The allegations of Paragraph 52 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

53.    The allegations of Paragraph 53 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

54.    The allegations of Paragraph 54 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

ME1 12825571v.2

55.     The allegations of Paragraph 55 of the Declaratory Judgment Complaint constitute legal conclusions and a request for relief to which Defendant need not respond.

**COUNT II**
**Declaratory Judgment**
**D&O SECTION**

56.     Defendant repeats and incorporates by reference its answers to each and every allegation contained in paragraphs 1 through 55 of the Declaratory Judgment Complaint as though fully set forth at length herein.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of what Federal "believes" as set forth in the allegations in Paragraph 57 of the Declaratory Judgment Complaint.  As to the remainder of the allegations of Paragraph 57, Defendant states that they constitute legal conclusions to which Defendant need not respond.

58.     The allegations of Paragraph 58 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

59.     The allegations of Paragraph 59 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

ME1 12825571v.2

60.     The allegations of Paragraph 60 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

61.     Defendant admits the allegations in Paragraph 61 of the Declaratory Judgment Complaint only inasmuch as Defendant meets the definition of an "Insured Person" under the Policy, but Defendant denies the remaining allegations of Paragraph 61 of the Declaratory Judgment Complaint.

62.     The allegations of Paragraph 62 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

63.     The allegations of Paragraph 63 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

64.     The allegations of Paragraph 64 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

65.     The allegations of Paragraph 65 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

66.     The allegations of Paragraph 66 of the Declaratory Judgment Complaint constitute legal conclusions and a request for relief to which Defendant need not respond.

ME1 12825571v.2

67.     Defendant neither admits nor denies the statement set forth in Paragraph 67 of the Declaratory Judgment Complaint as no response is required.

## COUNT III
## Declaratory Judgment
## EPL SECTION

68.     Defendant repeats and incorporates by reference its answers to each and every allegation contained in paragraphs 1 through 67 of the Declaratory Judgment Complaint as though fully set forth at length herein.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of what Federal "believes" as set forth in the allegations in Paragraph 69 of the Declaratory Judgment Complaint.  As to the remainder of the allegations of Paragraph 69, Defendant states that they constitute legal conclusions to which Defendant need not respond.

70.     The allegations of Paragraph 70 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

71.     The allegations of Paragraph 71 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

72.     The allegations of Paragraph 72 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

73.    The allegations of Paragraph 73 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

74.    The allegations of Paragraph 74 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond. Further, Defendant states that the Policy speaks for itself.

75.    The allegations of Paragraph 75 of the Declaratory Judgment Complaint constitute legal conclusions to which Defendant need not respond.

76.    The allegations of Paragraph 76 of the Declaratory Judgment Complaint constitute legal conclusions and a request for relief to which Defendant need not respond.

77.    Defendant neither admits nor denies the statement set forth in Paragraph 77 of the Declaratory Judgment Complaint as no response is required.

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff Federal Insurance Company and in favor of Defendant and:

(a) declare that Defendant is entitled to defense and indemnification under the Policy for any costs, expenses and/or loss that he has incurred or may incur in the future in connection with the criminal lawsuit, John Doe A lawsuit and any similar future criminal and civil lawsuits; and

(b) grant such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Policy contains an arbitration provision applicable to this dispute.

### SECOND AFFIRMATIVE DEFENSE

Defendant maintains his innocence in connection with the misconduct alleged against him.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to the presumption of innocence as to all allegations, civil and criminal.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's public policy arguments are based upon distinguishable cases construing different types of insurance policies in different situations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's coverage position, if upheld, may have a chilling effect on individuals taking part in, or seeking to take part in, charitable, community or educational endeavors involving children since allegations alone could defeat coverage – even as to defense.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's coverage position, if upheld, would deny Defendant due process of law.

ME1 12825571v.2

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's coverage position is arbitrary and capricious to the extent that

Federal treats Defendant differently from other similarly situated policyholders.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant will rely on any and all defenses that become available during the

course of discovery in this action.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant,
Gerald A. Sandusky


By: /s/ Michael J. Glasheen
     Michael J. Glasheen

BNY Mellon Center
1735 Market Street, Suite 700
Philadelphia, PA  19103-7501
mglasheen@mccarter.com
Phone:  (215) 979-3800
Fax:  (215) 979-3899
PA I.D. #: 17153

and

Richard A. Beran
Brian J. Osias
McCarter & English, LLP
100 Mulberry Street
Newark, NJ 07102
Phone:  (973) 622-4444
Fax: (973) 624-7070
*Pro Hac Vice* admissions pending

Date:  January 18, 2012

ME1 12825571v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of Defendant Gerald A.

Sandusky s Answer and Affirmative Defenses to be filed and served via ECF on

this 18th day of January 2012, upon the following:

> Dennis St. J. Mulvihill, Esq.
> Daniel L. Rivetti, Esq.
> Erin J. Dolfi, Esq.
> Mark A. Martini, Esq.
> Robb Leonard Mulvihill LLP
> BNY Mellon Center
> 500 Grant Street, 23rd Floor
> Pittsburgh, PA 15219
> *Attorneys for Plaintiff*

> /s/ Michael J. Glasheen
> Michael Glasheen

ME1 12825571v.2